## Thomas Hynes v. C. A. Morin.

Where the holder of two notes secured by mortgage on the same property, at the maturity of the first note obtained a judgment on it, with preference on the proceeds of the sale of the mortgaged property, which being sold under his execution, did not bring a sufficient amount to satisfy both notes. *Held:* That the *fi. fa.* issued under the judgment, should have been first satisfied in full, and the balance held by the purchaser and judgment creditor, who bought in the property, to meet the other note *pro tanto,* when it became due.

The plaintiff in the seizure, who was the holder of both of the notes, not having asked for a sale of the property on such terms of credit for the balance of the price, as would correspond with the falling due of the second note, the Sheriff had no right to apply the price first to the outstanding note in the hands of the seizing creditor, and thus leave a balance unpaid on the execution under which the property was sold.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *L. F. Andry,* for plaintiff. *G. Legardeur* and *J. L. Tissot,* for defendant and appellant.

Spofford, J. The appellant states his case thus:

"*C. A. Morin,* was the holder and owner of two promissory notes subscribed by *Thomas Hynes,* one for the sum of $1,680, the other for the sum of $1,770, and secured both by the *same mortgage* upon the *same property.*

"At the maturity of the first note, to wit: that of $1,680, *Morin* brought suit upon it, obtained judgment against *Hynes* and issued a *fi. fa.* under which the Sheriff seized the mortgaged property and sold it for $2,400 cash.

"The Sheriff then deducted his costs, amounting to $45 50, and applied the balance, to wit: $2,354 50, to the payment: 1st. of the outstanding note of $1,770, and 2d, of the writ in his hands which amounted, with interest and costs, to $1,789 05; thus leaving a balance of $1,204 55, still due under the writ.

"For the recovery of this balance, *Morin* issued an alias *fi. fa.,* which was enjoined by *Hynes,* upon the ground that the sheriff ought to have applied the proceeds of the sale to the payment in full of the writ, and that the latter was, therefore, satisfied."

"The District Judge was of a like opinion and made the injunction perpetual."

"From this judgment *Morin* has appealed."

Considering that *C. A. Morin*, the holder of both the mortgage notes, one due and the other not due, chose to take a judgment by preference on the one that was due, without, at the same time, asking for an order that the property (mortgaged at once to secure both) be sold on such terms of credit for the balance as would correspond with the falling due of the other note, we think there was no error in perpetuating the injunction. By the terms of the judgment, which were of his own seeking, he had secured a preference on the proceeds of the sale for the payment of the whole of the note then due. However, justly and successfully, a third person might have complained of and interferred with this judgment, the party who procured it had no right to change it. The *fi. fa.* issued under it should have been first satisfied in full, and the balance held by the purchaser and judgment creditor, *Morin*, to meet the other note *pro tanto*, when it should fall due.

Judgment affirmed.